UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LINDA A. KPAKA and MAHAMUD S.
KPAKA, II,

       Plaintiffs,      16-cv-5205 (PKC)(OTW)

  -against-         ORDER ADOPTING REPORT
               <u>AND RECOMMENDATION</u>

NEW YORK CITY, et al.,

       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

    Plaintiffs Linda A. Kpaka and Mahamud S. Kpaka, II, proceeding *pro se*, bring this action pursuant to 42 U.S.C. § 1983 in connection with various alleged harms they suffered while they faced eviction proceedings and subsequently pursued homeless assistance. Magistrate Judge Ona T. Wang, to whom this case is assigned for general pretrial purposes, issued a Report and Recommendation (the "R&R") on July 13, 2018, in which she recommended that this Court dismiss the action without prejudice for failure to prosecute. (Dkts. 5, 90).

    In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The R&R advised the parties that "**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**" (R&R at 2) (emphasis in original). It further directed that any requests for an extension of the time to file objections should be sent to this Court. (<u>Id.</u>). Months have passed since the R&R was filed, and no objections or requests for extensions have been submitted to the Court. The Kpakas have not communicated with the Court in any other

Mailed to Linda A. Kpaka and Mahamud S. Kpaka, II on 9/7/2018

way. The parties received clear notice of the consequences of the failure to object and waived the right to object to the R&R or obtain further judicial review of the magistrate's decision. See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

When clear notice of the consequences of a failure to object has been provided, the Court may adopt an unobjected-to report and recommendation without *de novo* review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In such circumstances, "a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Guided by Magistrate Judge Wang's R&R, I find no clear error. Therefore, I adopt the R&R in its entirety.

The Court also notes that although it is not required to conduct a review of the R&R, the conclusions of Magistrate Judge Wang are detailed, well-reasoned, and grounded in law. The R&R recounts Magistrate Judge Wang's unanswered directives to the plaintiffs to update their address after receiving notice from the defendants that they were unable to serve plaintiffs with filings in this case. It further recounts Magistrate Judge Wang's warnings, beginning with her Order of May 30, 2018, to the Kpakas that they risked dismissal of their caes by failing to update their address or otherwise communicate with the Court. (Dkt. 89). The May 30 Order further notes that the Kpakas have not communicated with the Court since August 22, 2017. (Id.; Dkt. 67). Magistrate Judge Wang ultimately issued the R&R only after the May 30, 2018 Order was returned as undeliverable. (Dkt. 90).

The R&R is therefore adopted, and this action is dismissed. The Clerk is directed to enter judgment for the defendants and to close this case.

The Kpakas have not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 7, 2018